**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC., | ) ) ) | CASE NO.: 5:07CV1961 |
| Plaintiff, | ) ) | JUDGE JOHN ADAMS |
| v. | ) ) ) | **ORDER AND DECISION** |
| HYUNDAI MOTOR AMERICA | ) ) ) | (Resolving Doc. 37) |
| Defendant. | ) ) ) | |

This matter comes before the Court on a motion (Doc. 37) filed by Defendant Hyundai Motor America ("Hyundai") seeking leave to file a third-party complaint. The Court has been advised, having reviewed the motion, response, reply, and applicable law. For the reasons stated below, the motion is GRANTED.

**I. Facts**

On July 2, 2007, Plaintiff Snap-On Business Solutions, Inc. ("Snap-On") filed a complaint against Hyundai, seeking a declaration "that it does not owe Hyundai any sum in the form of indemnification or contribution resulting from the Orion lawsuit." Doc. 1 at 3. In turn, Hyundai filed a counterclaim (Doc. 36) alleging claims of express and implied contractual indemnity, breach of warranty, negligent misrepresentation, and negligence. Hyundai also seeks a declaration of its rights with respect to the indemnity issue.

On June 13, 2008, Hyundai sought leave to file a third-party complaint against 1) Bell & Howell Publication System Company ("Bell & Howell"), 2) Pro Quest Business

Solutions, Inc. ("ProQuest"), 3) Reynolds and Reynolds Company ("Reynolds"), and 4) Click Interactive, Inc. ("Click"). Hyundai alleged the following facts in support of its motion.

In 1993, Hyundai, Bell & Howell, and Reynolds entered into a Data Access Agreement for an Electronic Parts Catalog System ("the 1993 Agreement"). The 1993 Agreement was first amended on June 30, 2001. On June 30, 2006, a second amendment was executed between Hyundai, Reynolds, and ProQuest as the successor entity to Bell & Howell.[1] Under the 1993 Agreement, the signatories agreed to provide Hyundai with software for the parts catalog. In 1998, Hyundai entered into a similar agreement with Click that required Click to develop software for an online parts catalog.

On August 8, 2005, Orion IP, LLC filed suit against Hyundai. In its suit, Orion alleged that Hyundai's electronic parts catalog infringed on an Orion-owned patent. A jury in that suit awarded Orion $34 million in damages.

In its motion, Hyundai alleges that based on the above-described agreements it has valid claims against each of the proposed third-party defendants. As such, Hyundai seeks to raise claims against these defendants identical to those raised against in its counterclaim against Snap-On.

**II. Legal Standard**

Fed.R. Civ.P. 20(a)(2) provides that parties may be joined as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

---

[1] Snap-On is now the successor entity to ProQuest.

With respect to such joinder, the Sixth Circuit stated in *Crutcher v. Kentucky,* 961 F.2d 1576, 1992 WL 98020 (6th Cir. 1992) (table decision) as follows:

> Under the Federal Rules of Civil Procedure, particularly Rules 2, 18-20, and 42, joinder of claims, parties, and remedies is strongly encouraged because the impulse of the Rules is toward entertaining the broadest possible scope of action consistent with fairness to the parties. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).
>
> Permissive joinder is applicable where: (1) a right to relief is asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties arises in the action. *See Mosely v. General Motors Corp*., 497 F.2d 1330, 1333 (8th Cir.1974).

*Id.* at *3.

### III. Analysis

#### A. Arising Out of the Same Transaction

Based on the briefing before the Court, there is no dispute that the claims in the third-party complaint arise from the same transaction or occurrence. Each of the claims Hyundai seeks to raise allegedly arise from the Orion litigation. Consequently, the first prong of permissive joinder is satisfied.

#### B. Common Questions of Law or Fact

Similar to the first of prong of Fed.R. Civ.P. 20(a)(2), there is no dispute that the claims Hyundai seeks to raise in its third-party complaint will include common questions of law and/or fact. The declaration sought by Snap-On in its complaint will necessarily require a review of the 1993 Agreement and its applicability to the Orion judgment. Reynolds and Bell & Howell were parties to the 1993 Agreement with Hyundai. ProQuest was the successor to Bell & Howell and a signatory to an amendment to the 1993 Agreement. Finally, Snap-On is the successor to ProQuest. As such, among those

parties there is a substantial overlap of both legal and factual issues. The claims related to each entity are based on the same set of facts, the Orion litigation, and arise from the same document, the 1993 Agreement.

Additionally, Snap-On has acquiesced in the permissive joinder of Click. Upon review, the Court agrees that joining Click is appropriate. Like the other proposed third-party defendants, the litigation against Click is premised on the Orion litigation. Furthermore, as Click provided a product that is similar to that provided by the entities under the 1993 Agreement, there is likely to be a substantial overlap of the facts presented against all of these defendants.

The Court concludes by noting that Snap-On's response in opposition to this motion focuses on the claims Hyundai seeks to raise. Rather than challenging the applicability of Fed.R. Civ.P. 20, Snap-On raises numerous challenges to the *merits* of the proposed third-party complaint. For example, Snap-On asserts that its predecessors need not be joined because any liability assessed to them would flow to Snap-On. Additionally, Snap-On challenges whether Reynolds has any duty to indemnify Hyundai under the 1993 Agreement. Snap-On's arguments are better raised as dispositive motions by the *appropriate* parties. Whether Hyundai is ultimately successful in any of its claim is not relevant to the joinder analysis. Accordingly, the Court has not undertaken a review of the merits of the proposed claims. Instead, the Court has reviewed the factors required for permissive joinder and found that such joinder is appropriate.

The Court notes that Bell & Howell, ProQuest, Click, and Snap-On are each Delaware corporations. However, this fact does not destroy the Court's diversity jurisdiction. *Grime v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004),

4

provides that third-party claims fall under a district court's supplemental jurisdiction as long as there is a common nucleus of operative facts between the actions of the impleaded defendant and the pending case.  "The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs – but not defendants or third parties – from circumventing the requirements of diversity."  *Id.*  As detailed above, there is a common nucleus of operative facts between the actions of the proposed third-party defendants and the pending matter.  Consequently, to the extent necessary, the Court will exercise its supplemental jurisdiction to entertain the claims raised in the third-party complaint.

### IV. Conclusion

Hyundai's motion for leave to file a third-party complaint is GRANTED.  The complaint shall be filed forthwith.

IT IS SO ORDERED.


September 5, 2008                             /s/ *Judge John R. Adams*
Date                                          JUDGE JOHN R. ADAMS
                                              UNITED STATES DISTRICT COURT