ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SNAP-ON BUSINESS SOLUTIONS, INC., | ) | CASE NO. 5:07CV1961 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HYUNDAI MOTOR AMERICA, | ) | AND ORDER |
| | ) | [RESOLVING DOC. 83] |
| Defendant. | ) | |

This action is before the Court upon the Motion to Stay the Proceedings of third-party defendant Click Commerce, Inc. ("Click") (Doc. 83).[1] The Court has reviewed the memoranda in support, memorandum in opposition of defendant, counterclaimant and third-party plaintiff Hyundai Motor America ("Hyundai") (Doc. 98), reply memorandum (Doc. 101), and Hyundai's surreply (Doc. 118). The Court has also considered the oral arguments of counsel offered during the Telephone Conference held on May 13, 2009.

Snap-on filed this action for declaratory relief on July 2, 2007. Hyundai subsequently filed original claims for indemnification against Snap-on, Click, Reynolds, and the other third-party defendants. *See* Counterclaim (Doc. 36) and Third-party Complaint (Doc. 51).

In light of the Final Rejection of the claims of the patent at issue in this matter by the U.S. Patent and Trademark Office ("PTO") on May 4, 2009, Click moves this Court for an order staying this litigation pending (1) the final outcome of the PTO reexamination of U.S. Patent

---

[1] Plaintiff Snap-on Business Solutions, Inc. ("Snap-on") f/k/a Bell & Howell Publication System Company and ProQuest Business Solutions, Inc. (Doc. 97) and third-party defendant The Reynolds & Reynolds Company ("Reynolds") (Doc. 87) join in the motion.

No. 5,367,627 ("the '627 patent"), (2) the determination of the effect of that reexamination on the patent infringement case underlying this matter that was pending in the United States District Court for the Eastern District of Texas, Case No. 6:05-cv-00322-LED ("Texas Litigation"),[2] and (3) a determination in the Texas Litigation as to whether the jury verdict is upheld, reversed, vacated or modified.

A district court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340,1341 (Fed. Cir. 1983). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In deciding whether to stay litigation pending reexamination by the PTO, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D. N.Y. 1999).

The critical issue in the case at bar is whether Hyundai is entitled to a defense and indemnification in connection with the Texas Litigation. Hyundai wants this Court to establish the obligations and liability of Snap-on, Click, Reynolds, and the other third-party defendants. The Court agrees with Hyundai that this determination must be made regardless of the outcome of the Texas Litigation. Furthermore, this fundamental liability issue is not simplified by any action the PTO may take to invalidate the '627 Patent or, for that matter, whether the judgment

---

[2]On December 30, 2008, Hyundai filed its appeal to the Federal Circuit from the Texas Litigation judgment (Case No. 2009-1130). Appellant's principal brief is due on May 18, 2009.

in the Texas Litigation will stand as rendered. Accordingly,

Third-party defendant Click Commerce, Inc.'s Motion to Stay the Proceedings (Doc. 83) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| _May 15, 2009_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |